UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
BARBARA VALENTI,

                Plaintiff,

            - against -

SYNERGY CHC CORP.,

                Defendant.
------------------------------------------------------------------ X

**CIVIL CASE MANAGEMENT PLAN**

1:22-cv-04361 (BMC)

**COGAN**, District Judge

    After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.**    The case <u>is</u> to be tried to a jury.

**B.**    Non-Expert Discovery:

    1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All non-expert discovery is to be completed by <u>January 16, 2023</u>, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

        2.        Joinder of additional parties must be accomplished by <u>October 14, 2022</u>.

        3.        Amended pleadings may be filed without leave of the Court until <u>October 14, 2022</u>.

**C.**    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

**D.**    Motions:

        1.        Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

        2.        The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be <u>January 23, 2023</u>. (Counsel shall insert a date one week after the completion date for non-expert discovery.)

                a.        There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

                b.        Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E.**    Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the

granting of the relief requested, and proposed modified dates.  Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.   Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
          Sept. 6   , 20 22

## ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
| --- | --- |
| **1.** Exchange of Fed. R. Civ. P. 26(a)(1) Initial Disclosures | September 30, 2022 |
| **2.** Requests for production of documents and production of responsive documents | December 16, 2022 |
| **3.** Interrogatories and responses thereto | December 16, 2022 |
| **4.** Fact depositions (both parties limited to a maximum of ten (10) aside) | January 16, 2023 |
| **5.** Requests for admission and responses thereto | January 16, 2023 |
| **6.** Expert reports required under Fed. R. Civ. P. 26(a)(2) for the party bearing the burden of proof on any issue, claim or defense | March 3, 2023 |
| **7.** Rebuttal expert reports | April 17, 2023 |
| **8.** Expert depositions | May 31, 2023 |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. **PLAINTIFFS' CLAIMS:**

Plaintiffs and the putative class seek damages for Defendant's alleged false advertising of Defendant's brain health supplement, Focus Factor, under N.Y. Gen. Bus. Law ("GBL") §§ 349 and 350 and the Illinois Consumer Fraud Deceptive Business Practices Act ("ICFA") 815 ILCS 505/1. Under those provision, Plaintiffs and the putative class of New York and Illinois purchasers of Focus Factor may seek actual damages or statutory damages. Plaintiff has alleged that she and the other members of the putative class have paid a price premium for the Defendant's product, Focus Factor, based on Defendant's alleged misrepresentations concerning Focus Factor. The class wide damages are a product of the number of bottles of Focus Factor, their price, and the price premium the class paid over comparable products. Plaintiff lacks sufficient knowledge of the sales and retail price of Focus Factor in New York and Illinois during the three-year period preceding the commencement of this action to calculate actual damages at this time, but has estimated that Defendant sold $9.2 million worth of Focus Factor representing 368,000 to 613,333 bottles of Focus Factor in New York and Illinois during that period. In addition, statutory damages under NY GBL §§ 349 and 350 are, respectively, $50 or $500 per purchase plus attorneys' fees. Plaintiff estimates that there are over 10,000 potential class members.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

None.

3. **THIRD-PARTY CLAIMS:**

None.